**In the Matter of CENTURY CHEMICAL CORPORATION, Bankrupt.**

United States District Court
S. D. New York.
March 23, 1961.

Dunnington, Bartholow & Miller, New York City, for Arthur Andersen & Co.; Charles G. Pillon, Charles L. Stewart, New York City, of counsel.

David W. Kahn, New York City, for trustee.

SUGARMAN, District Judge.

Arthur Andersen & Co., a partnership of certified public accountants, petitions for review of a referee's order denying the petition dated October 26, 1960 of the debtor in possession under a Chapter XI arrangement, authorizing the accountants' retention .by the debtor *nunc pro tunc* as of September 21, 1960.

The services performed by the accountant fall into different classes as to type and time.

The petition for arrangement was filed on September 20, 1960; the debtor was continued in possession on September 21, 1960 by an order which *inter alia:*

"Ordered that without in any way limiting the generality of the foregoing, said debtor in possession shall have full power and authority until the further order of this Court (a) to employ, discharge and fix the compensation, salaries and wages of all agents, managers, employees and servants, except officers, stockholders and directors of the debtor, as it may deem necessary and advisable for the proper operation of the business and the management, preservation and protection of its property, (b) to pay and satisfy out of any funds now or hereafter coming into its possession all claims for wages, salaries and compensation of all agents (etc. as above) for services hereafter rendered and for services rendered and due during the current week. * * * (e) to enter into any contracts incidental to the normal and usual operation of said business and the management and preservation of said property, * * * (g) to collect and receive all rents, income, issues and profits, and all outstanding accounts, things in action and credits due or to become due to the within estate, * * * "

The services performed by the accountant for the debtor were of three types: the first type was the usual audit and tax services for the debtor and its subsidiaries for periods prior to June 30, 1960;

the second type was a special examination of the debtor's financial condition as of June 30, 1960; and the third type was the "loan" by the accountant to the debtor of members of the accountant's "staff" to do the bookkeeping which is normally done by a client but which had been neglected by the debtor.

Of the first type, all of this work was done prior to September 21, 1960. Of the second type, part of this work was done prior to September 21, 1960 and part after that date. The charges for the portion done after September 21, 1960 amount to an aggregate of $16,338.-95. Of the third type, part of the "staff loan" was made prior to September 21, 1960 and part after that date. The charges for the "loans" made after September 21, 1960 amount to an aggregate of $2,289.87.

Thus, what was sought to be accomplished by the petition was to assure the accountant an administration priority status in the arrangement or bankruptcy which was then imminent for the total of said charges of $18,628.82, incurred after September 21, 1960, or such part thereof as might be found due.

The referee denied the debtor's petition by a memorandum decision stating:

> "The instant petition is denied without prejudice to a normal application for accounting services in the regular course of business. See General Order 45 and Rule 11 Local Bankruptcy Rules; settle order on notice."

Thereafter and on November 9, 1960, the referee entered an order stating that the debtor's motion "be and the same hereby is in all respects denied, without prejudice to a normal application for accounting services in the regular course of business".

This review followed.

 The referee was quite correct in denying the *nunc pro tunc* order sought insofar as it covered the accountant's services after September 21, 1960, addressed to the continuation of the special examination as to the debtor's financial condition as of June 30, 1960, valued at $16,338.95. Meyer v. C. & H. Trading Corp., 2 Cir., 1957, 242 F.2d 510.

 If the referee, in stating "without prejudice to a normal application for accounting services in the regular course of business" intended to refer to the bookkeeping or loan of staff after September 21, 1960, evaluated at $2,289.87, he was also correct, because these might, on proper proof, be allowed under the order of September 21, 1960, continuing the debtor in possession.

Accordingly, the order of November 9, 1960 under review is modified only to the extent of substituting for the words "for accounting services" the words "for bookkeeping services, i. e., loan of staff" and otherwise confirmed.

It is so ordered.